**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD KEITH CHAPMAN,

　　　　　　Plaintiff-Appellant,

　v.

JEFERY ALVEREZ, Dept. Supervisor
(Doctor); et al.,

　　　　　　Defendants-Appellees.

No. 19-17170

D.C. No. 2:18-cv-03317-DJH-JFM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 16, 2021**

Before:　　GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

　　Arizona state prisoner Donald Keith Chapman appeals pro se from the

district court's judgment dismissing as a discovery sanction his 42 U.S.C. § 1983

action alleging deliberate indifference to his serious medical needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal pursuant to Federal Rule of Civil Procedure 37. *Ingenco Holdings, LLC v. Ace Am. Ins Co.*, 921 F.3d 803, 821 (9th Cir. 2019). We reverse and remand.

The district court denied Chapman's timely request for an extension of time to file an opposition to defendants' motion to dismiss because it found Chapman was acting in bad faith. However, Chapman stated he needed an extension of time to obtain documentation from prison officials regarding the reason he failed to attend his deposition, and about one week after the district court denied the extension, he did obtain and file an information report and incident report from August 1, 2019, the date of the deposition in question, showing that Chapman was taken to the infirmary around the time of the deposition. *See Ahanchian v. Xenon Pictures*, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party; good cause for an extension of time under Rule 6(b) is a "non-rigorous standard" that is construed broadly).

Because the district court's finding of bad faith is not supported by the record, it abused its discretion in denying Chapman's request for an extension of time, striking Chapman's opposition to defendants' motion to dismiss, and dismissing the action under Rule 37. We reverse and remand for further proceedings.

Chapman's motions for sanctions (Docket Entry Nos. 16, 20, and 33) are

denied. Chapman's motion for clarification (Docket Entry No. 32) is denied as moot.

**REVERSED and REMANDED.**